IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

01 MAY 31 PM 4:41

. . . . . . COURT
. . . . OF ALABAMA

| | | |
|---|---|---|
| SUSAN STRANGIS, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | CASE NO. CV 00-B-1481-S |
| | } | |
| WAL-MART STORES, INC., | } | |
| | } | |
| Defendant. | } | |

ENTERED

JUN - 1 2001

**MEMORANDUM OPINION**

This case is before the court on defendant's unopposed Motion for Summary Judgment. Upon consideration of the record, the submissions of the defendant, and the relevant law, the court is of the opinion that defendant's Motion is due to be granted.

On March 30, 2001, defendant filed the Motion for Summary Judgment presently before the court. Pursuant to Exhibit A attached to the court's Scheduling Order entered August 28, 2001, any opposition from the plaintiff was due 21 days after March 30, 2001. Having received no opposition from plaintiff, this matter is now ripe for decision.[1]

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some

---

[1] On May 30, 2001, plaintiff filed a Stipulation of Dismissal requesting that the court dismiss her case with prejudice. However, the Stipulation was not "signed by all parties" as required by F. R. Civ. P. 41(a)(1)(ii).



element of her case on which she bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) and (b). Once the moving party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and defendant is entitled to a judgment as a matter of law. Plaintiff has not come forward with **any** evidence, much less evidence showing a dispute as to any factual contention of defendant. Thus, plaintiff has not only failed to meet his burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex,* 477 U.S. at 324, but also, and most importantly, the facts and law applicable to this case warrant granting of summary judgment for defendant. Consequently, the court holds that defendant's Motion for Summary Judgment is due to be granted. An order granting defendant's Motion for Summary Judgment will be entered contemporaneously with this Opinion.

**DONE** this 31st day of May, 2001.

*/s/ Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge